The opinion of the court was delivered by
Beemudez, C. J.
It is difficult to announce briefly the nature of the compound proceedings in which the judgment appealed from was rendered.
The main object in view may, however, be stated to be the homologation of a partition and the distribution of the proceeds of a sale of real estate in furtherance of the will of the deceased.
It appears that the surviving husband of the deceased and a child of age, claiming to own, the former one-half, the latter one-fourth, of certain real estate not susceptible of a convenient division in kind, brought suit against their co-proprietor,Thomas Ryan, another child of the deceased, owner of the remaining fourth.
He was cited and failed to answer. A default was then taken and subsequently confirmed against him, decreeing the sale of the property and the distribution of the proceeds of sale, as prayed for.
The property was advertised and sold, the proceeds being deposited with the notary for distribution.
At this stage Thomas Ryan filed an answer in the partition proceedings and brought suit to annul his mother’s will, to which exceptions were taken.
On the refusal of Thomas Ryan to approve and sign the act oí partition prepared by the notary, the surviving husband and his co-plaintiff took a rule on him to homologate the proposed distribution.
*67 As defences, he urged that the judgment of partition was a nullity, as it had not been rendered against him,, but against Stephen Ryan; that he had failed to answer to the petition in the case, which had not been passed upon; that he had instituted a suit to annul the will of his mother, which was pending.
The plaintiffs in rule then tools a rule on Thomas Ryan to show cause why the judgment of partition, containing the clerical error charged, should not be corrected, n-unc pro tuno, by substituting the name Thomas for that of Stephen, therein found.
The rule to homologate, that to correct, and the exceptions to the suit for the nullity of the will, were cumulated and tried together.
The District Court made the rules absolute homologating the partition, correcting the error and sustained the exceptions, dismissing the suit to annul.
Thomas Ryan appeals.
II.
The first question to be considered is: Whether or not, the judgment decreeing the partition is a valid judgment, binding on Thomas Ryan.
It appears, beyond doubt, that the plaintiffs in that suit, namely, the husband and one of the two heirs of the deceased, alleged ownership in common of certain pieces of real estate with Thomas Ryan, the other child of the deceased, by a previous marriage with Stephen Ryan, deceased; that they asked that Thomas Ryan be cited; that the citations issued to and were served on Thomas Ryan; that Thomas Ryan was the only defendant in the suit; that a default was taken against “the defendant,” and that judgment on confirmation was rendered in favor of the plaintiffs against “the defendant,” naming him as “Stephen Ryan” instead of Thomas Ryan, decreeing the partition by sale by an auctioneer on certain terms, and distributing the proceeds; one-half to the surviving husband, one-fourth to his co-plaintiff, one of the two heirs of the deceased, and one-fourth to the other only heir, who was Thomas Ryan, but who was named as Stephen Ryan (his father’s name).
There is evidence to show that this was a clerical error, as no one but Thomas Ryan could have been and was the defendant.
It is manifest that had the judgment been simply one in favor of plaintiffs and against defendant, without giving any name, it would have been a valid and binding judgment, for the plain reason, that *68 by reference to the petition it would have been most easily ascertained who the plaintiff and the defendant were. Id eertum est quod cerium reddi potest.
Now, instead of omitting the names, the judgment was rendered in favor of plaintiffs, naming them correctly, and against the defendant, naming him incorrectly, Stephen instead of Thomas Ryan.
A judgment is always read by the light of the pleadings.
Referring to the petition it would have been eas}' to determine that a clerical error had been committed, because the defendant named in the judgment as Stephen, could not have been any one but Thomas Ryan, who was the only defendant in the case.
Naming the defendant in the judgment was not an essential requisite, as the judgment would have been valid against him without his being named at all therein. Utile per inutile non vitiatur.
It therefore follows, that the mention of the names was superfluous and that the judgment must be read as against Thomas Ryan, the only defendant named in the petition, asked to be cited and summoned to answer.
The rulings invoked by Thomas Ryan, 27 An. 445; 31 An. 530, show that a judgment which contains an improper name, the. insertion of which is the result of inadvertence, may be corrected by a rule taken and tried contradictorily. They acknowledge, therefore, the validity of such judgment, as a judgment which would not, on the face of the papers, have been valid could not be corrected at all, but would have to be ignored as a nullity, patent on the record.
In the first case the judgment had been rendered against J. N. R., instead of P. J. R. In the other it had been rendered against P. L. and M. W. in solido, instead of P. L. and M. S.
Execution having issued, as though the judgment had correctly named the parties condemned to pay, proceedings were taken to arrest the same.
The judgment of the lower court in the first case sustained a rule to quash the execution, and in the second case dissolved the injunction issued. On appeal the first judgment was affirmed and the second reversed, the right of the appellee to have the clerical error corrected being reserved.
Pretermitting any opinion as to the correctness of these rulings, it is apparent that the cases in which they were made and the instant one are essentially dissimilar in this: that the execution of the writs *69 in both cases had been arrested, while in the present controversy there was no writ at all, bnt only a judgment directing-a sale, and that the carrying out of that judgment was not at all obstructed by Thomas Ryan, who allowed it to be executed, and who was, as he still is, a resident of the parish in which the judgment was rendered and executed.
It is a well settled principle that no action lies against a judgment voluntarily executed or(lacquiesced in by the debtor, C. P. 567, or when the debtor has been guilty of laches, O. P. 612; 3 An. 646; 6 An. 799.
It is upon this principle that the Oode of Practice provides that a party against whom a judgment has been rendered, without his having been cited, can not demand its nullity where such party was present in the parish and yet suffered the judgment to be executed without opposing the same, C. P. 612.
In the present instance it appears from the record that the property ordered to be sold to effect a partition, was advertised by the-designated auctioneer as property belonging to the succession of the deceased, and as ordered to be sold by the judgment in partition rendered in that matter.
The defendant, who was and is still a resident of the parish of Orleans, in which the judgment was rendered and executed, has not shown that good conscience was opposed to the execution of the judgment, and that he could not have averted its execution, 3 An. 646; 6 An. 799. He was certainly guilty of fatal laches, and can not be relieved.
' II.
The next question is whether or not the plaintiffs have the right to have the judgment corrected nunc pro tunc.
The inquiry is solved by the mere statement that as the particularjudgment was valid and binding on its face, it was strictly unnecessary to correct the clerical error committed in drawing it up, and.' that under the very authorities relied on by the defendant in rules, the judgment could have been corrected summarily, but contradictorily. Utile per inutile non vitiatur.
It is hardly necessary to say that, as the judgment was valid, the answer filed by Thomas Ryan long after its rendition and signature,, is entitled to no notice whatever.
*70 III.
The last question remaining for consideration relates to the exceptions filed by the husband and one of the heirs to the petition of Thomas Ryan for the nullity of the will.
The averments of the petitioner brutally asperse the character of his deceased mother by accusing her of adultery, and attempting to brand her daughter, and his sister, as an adulterous bastard; the whole on the ground that when her pretended second marriage was celebrated, Stephen Ryan, his father, was living.
The exceptions pleaded are: Estoppel and res judicata.
The record shows that at the taking of the inventory the surviving husband and the daughter, who brought the suit in partition, assumed those qualities, as well as that of legatees, under the will of the deceased, and that Thomas Ryan, who was present-at the taking of the inventory, voluntarily signed the act recognizing both in those capacities, although, true it be, that he protested; but this protest was not as to the capacity assumed by the husband and daughter. It was restricted to the alleged fact that a piece of real estate and some money, not mentioned in the inventory, should have been included in it.
It also shows that, although in the petition for a partition the plaintiffs therein had fully asserted their respective capacities and pretensions under the will of the deceased and the law; and although Thomas Ryan was duly cited and had every opportunity to charge counter the claims of the plaintiffs, he did not gainsay them, but allowed a judgment by default to be confirmed and executed against him without opposing the same.
The judgment thus rendered contradictorily with him recognizes the capacity and pretensions of the plaintiffs in partition, and as it has not been appealed from and was signed much more than a year ago, it has acquired the force and effect of a sovereign judgment, and concludes Thomas Ryan absolutely.
It is good that the mouth of the defamer be closed.
It is, therefore, ordered and decreed that the judgment appealed from is affirmed with costs.